IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATILDE GRIGGS, on behalf of herself and others similarly situated, | § § § | CIVIL ACTION NO. _____ |
| *Plaintiffs,* | § § | |
| v. | § § § | JURY TRIAL DEMANDED |
| TG CIRCLE OF LIFE, LLC d/b/a ALWAYS BEST CARE, | § § § § | COLLECTIVE ACTION |
| *Defendant.* | § § | |

## COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. TG CIRCLE OF LIFE, LLC doing business as ALWAYS BEST CARE (hereinafter "ABC"), a senior care and assisted living service company that provides services in and around the Philadelphia, Pennsylvania area, is violating the Fair Labor Standards Act ("FLSA") by forcing its employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that ABC is legally obligated to pay.

2. Plaintiff Matilde Griggs worked for ABC as a Home Health Aide in and around Philadelphia, Pennsylvania and was damaged by this illegal policy or practice. Plaintiff was denied the compensation she is due under the FLSA. Plaintiff brings this lawsuit on behalf of herself and all other similarly situated current or former, hourly-paid ABC Home Health Aides to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to her individually and on behalf of other similarly situated individuals.

## II.  JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq.*

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania. 28 U.S.C. § 1391(b)(2).

## III.  THE PARTIES

5. Plaintiff Griggs worked as a Home Health Aide for ABC in and around Philadelphia, Pennsylvania. She performed various services for ABC's clients, including but not limited to bathing and feeding the clients, cleaning clients' houses, and providing other caretaking-related services. She regularly worked in excess of 40 hours per week without receiving all the compensation she was due under the FLSA. Plaintiff Griggs's consent is attached as Exhibit A.

6. The class of similarly situated employees consists of all current and former hourly-paid Home Health Aides, who were employed by ABC during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant TG CIRCLE OF LIFE, LLC doing business as ALWAYS BEST CARE is a Domestic For Profit Limited Liability Company with a principal place of business at 1172 S. Broad Street, Philadelphia, Pennsylvania 19146 that is engaged in commerce in the United States and is otherwise subject to the FLSA. ABC employs Plaintiff within the meaning of the FLSA. ABC may be served with process by serving ABC's registered address.

## IV.  BACKGROUND

8. ABC provides both assisted living and in-home professional caretaking services for seniors and other clients in need. ABC's services include, but are not limited to, companionship

services, home helper services, and personal care services. ABC has locations throughout the nation, including Philadelphia, Pennsylvania. Upon information and belief, ABC employs other Home Health Aides similarly situated to Plaintiff to take care of its clients.

9. ABC's Home Health Aides assist with each client's daily needs, such as bathing and feeding the clients, cleaning clients' houses, and performing other caretaking-related tasks. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per work week. However, ABC did not pay its Home Health Aides one and one-half times their regular rate for all hours in excess of 40 each week. Instead, ABC only pays its Home Health Aides straight time pay (no overtime) for all hours worked, including the hours worked in excess of 40 per week. As a result, ABC fails to properly compensate its employees under the FLSA.

## V.  PLAINTIFF'S INDIVIDUAL ALLEGATIONS

*A.  ABC Failed to Properly Pay Regular and Overtime Compensation.*

10. Plaintiff worked for ABC as a Home Health Aide, where she cared for the clients' daily needs, including bathing and feeding the client, and cleaning the house. During her employment, Plaintiff frequently worked seven consecutive days during a workweek. In a workweek, Plaintiff often worked approximately 70 or more hours.

11. ABC paid Plaintiff a set hourly rate for each hour worked, and Plaintiff was paid on a biweekly basis. However, ABC paid Plaintiff straight-time only (no overtime) for all hours worked in excess of 40 hours per week, regardless of the number of hours suffered or permitted to work.

12. The FLSA requires ABC to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff works in excess of 40 hours in a week. ABC should

have paid Plaintiff for 40 hours of regular pay and at least 30 hours or more of overtime in a typical workweek, but ABC failed to pay the Plaintiff that amount.

13. By failing to pay Plaintiff as described above, ABC has deprived Plaintiff of a significant amount of regular and overtime compensation to which she is rightfully entitled.

**B.  *ABC Willfully Violated the FLSA.***

14. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. ABC failed to follow these rules when paying Plaintiff.

15. ABC had a policy and/or practice of not paying its employees for all of the regular time and overtime they worked each week at the proper rate. ABC should have paid its employees their regular rate for all hours worked, and it should have paid its employees overtime compensation at one and one-half their regular rates for all hours worked in excess of 40 per workweek.

16. ABC knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

VI. **COLLECTIVE ACTION ALLEGATIONS**

17. Plaintiff is aware that ABC's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class are employed by ABC as Home Health Aides, performing various caretaking services for ABC's clients in and around the Philadelphia, Pennsylvania area. The Members of the Class perform job duties similar to Plaintiff, as described above.

18. As with Plaintiff, Members of the Class frequently worked approximately 10-hour or longer shifts for approximately seven consecutive days per workweek. Thus, the Members of the Class often worked approximately 70 hours per week or more.

19. As with Plaintiff, Members of the Class are paid biweekly. Upon information and belief, the Members of the Class are also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

20. ABC's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at ABC to pay its employees for less than all of the regular and overtime hours a Home Health Aide is suffered or permitted to work. As such, the Members of the Class are owed additional regular time and overtime compensation for precisely the same reasons as Plaintiff.

21. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly paid Home Health Aides, who were employed by ABC during the three-year period preceding the filing of this complaint.**

22. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

23. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII.   CAUSES OF ACTION

24. The preceding paragraphs are incorporated by reference.

25. As set forth above, ABC violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay at least minimum wage for all hours suffered or permitted to work in

a week and by failing to provide proper overtime pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207.

26. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked as well as overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

27. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

28. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216 (b).

## VIII.  JURY DEMAND

29. Plaintiff demands a jury trial. Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court award her and Members of the Class judgment against TG CIRCLE OF LIFE, LLC doing business as ALWAYS BEST CARE for:

1. damages for the full amount of their unpaid wages;
2. damages for the full amount of their unpaid overtime compensation;
3. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;
4. reasonable attorneys' fees, costs and expenses of this action;
5. pre-judgment and post-judgment interest at the highest rate allowed by law; and
6. such other and further relief as may be allowed by law.

DATED this 31ST day of May, 2017.

Respectfully submitted,

BAILEY PEAVY BAILEY COWAN
HECKAMAN PLLC

By: _____
Adam Peavy
Attorney-in-Charge
Federal and State Bar #205327
440 Louisiana Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
apeavy@bpblaw.com